UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SILAS WILSON, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-374 JED-JFJ |
| | ) | |
| KEITH C. REID, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff Silas Wilson's civil rights complaint (Doc. 1). Also before the Court is his motion for leave to proceed *in forma pauperis* (Doc. 2). After reviewing the matter *sua sponte* under 28 U.S.C. § 1915, the Court will grant the motion but direct Plaintiff to amend his complaint.

**I. Background**[1]

Plaintiff, appearing *pro se*, is incarcerated at the North Fork Correctional Center (NFCC) in Sayre, Oklahoma. (Doc. 1 at 4). He is serving a life sentence for child sexual abuse. *See* Tulsa County District Court Case No. CF-2012-1979. On or about December 26, 2016, Plaintiff discovered the affidavit supporting his arrest warrant was falsified. (Doc. 1 at 9-10). He appears to allege someone forged the signature of Officer Keith Reid, "who was the affiant named on the legal court document." (*Id.* at 9). Plaintiff reported the fraud to Officer Reid on or about February 6, 2017, but Reid refused to investigate and instead "lawyered up." (*Id.*). Plaintiff also reported

---

[1] The background facts are taken from the complaint (Doc. 1) and, to the extent relevant, the state court docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... and certain other courts concerning matters that bear directly upon the disposition of the case at hand"). The Court assumes Plaintiff's allegations are true for the limited purpose of this ruling.

the fraud to Police Chief Chuck Jordan and Tulsa Mayor G.T. Bynum. (*Id.* at 9-10, 14). Chief Jordan declined to refer the matter to his fraud unit for an investigation, and the Mayor's Office refused to order Jordan to investigate further. (*Id.*).

At some point Plaintiff visited the Tulsa County Clerk's Office to obtain public records. (Doc. 1 at 11). He identifies the records with document and exhibit numbers, but there are no such documents in the record. (*Id.* at 12). The records may include a copy of the arrest warrant, as Plaintiff wishes to identify "all persons whose signature is affixed to the probable cause statement/affidavit." (*Id.* at 10). In any event, Plaintiff alleges Defendants Sally Howe Smith, Don Newberry, and other unknown County Clerk employees refused to release records in violation of the Oklahoma Open Records Act, OKLA. STAT. tit. 51, § 24A.1, *et seq.* (*Id.* at 12).

Plaintiff filed the civil rights complaint (Doc. 1) on June 15, 2018. He alleges Reid, Jordan, and Bynum violated his equal protection and due process rights by failing to investigate the forged affidavit. (Doc. 1 at 9-14). The Court will treat these claims as "Count 1." Plaintiff further alleges Smith, Newberry, and other County Clerk employees violated his first amendment and equal protection rights by refusing to release public records. (*Id.* at 11-12). The Court will treat these claims as "Count 2." The complaint requests three types of relief: (a) a declaratory judgment abolishing the custom that allows police officers to decline to investigate crimes; (b) a mandatory injunction requiring the F.B.I. to investigate the forged affidavit; and (c) at least $80,000 in damages. (*Id.* at 9-10).

Plaintiff originally filed the complaint and the *in forma pauperis* motion in the United States District Court for the Western District of Oklahoma. (Doc. 1). By an Order entered July 18, 2018, the Western District of Oklahoma transferred venue to this Court. (Doc. 6). The Court finds venue is now proper, *see* 28 U.S.C. § 1390(a), and that the case is ready for initial review.

## II. *In Forma Pauperis* Motion

Plaintiff seeks to prosecute his claims without prepaying the $400 fee for this civil action. (Doc. 2). His financial information reflects that he lacks sufficient funds to prepay the filing fee. Accordingly, the Court will grant the motion, which reduces the fee to $350, and allow Plaintiff to pay in installments. *See* 28 U.S.C. § 1915(b). Pursuant to § 1915(b)(1), Plaintiff shall be required to pay the full $350 filing fee as set forth below.

No later than December 28, 2018, Plaintiff shall make an initial partial payment of $19.24, which represents 20 percent of the greater of: (1) the average monthly deposits, or (2) average monthly balance in Plaintiff's inmate account(s) for the six-month period preceding the filing of the complaint. *See* 28 U.S.C. § 1915(b)(1). Plaintiff is advised that unless he timely makes the initial partial payment or shows cause in writing for the failure to comply, this action may be dismissed without prejudice.

After payment of the initial partial filing fee, Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until he has paid the total filing fee of $350. *See id.* § 1915(b)(2). The Court will enter an order directing the agency having custody of Plaintiff to collect, when Plaintiff's prison account(s) exceeds $10, and forward such monthly payments to the Clerk of the Court until the filing fee is paid in full. *Id.* Interference by Plaintiff in the submission of these funds shall result in the dismissal of this action. Notwithstanding any fee that may have been paid, the Court shall dismiss at any time all or any part of such complaint which (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *Id.* §§ 1915A, 1915(e). Plaintiff is further advised that monthly payments will be collected until full

payment of the filing fee has been received by the Court even after disposition of the case and regardless of whether relief is granted or denied.

## III. Initial Review of Complaint

### A. Screening/Dismissal Standards

Under the Prison Litigation Reform Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer. *See* 28 U.S.C. § 1915A(a). The Court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief about the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. "When the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558.

Because plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* However, the generous construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim

could be based." *Id.* The Court need not accept "mere conclusions characterizing pleaded facts," *see Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990), and it will not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B. Count 1 Fails to State a Claim Based on the Refusal to Investigate.**

The crux of Count 1 is that Officer Reid, Chief Jordan, and Mayor Bynum violated Plaintiff's constitutional rights by failing to investigate the allegedly fraudulent search warrant. Plaintiff primarily seeks relief based on the Equal Protection Clause. That clause "requires the government to treat similarly situated people alike." *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998). "[To] assert a viable equal protection claim, [Plaintiff] must first make a threshold showing that [he was] treated differently from others who were similarly situated to [him]." *Carney v. Oklahoma Dep't of Pub. Safety*, 875 F.3d 1347, 1353 (10th Cir. 2017) (quoting *Barney,* 143 F.3d at 1312). A plaintiff also "has the burden of demonstrating discriminatory intent." *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988). Plaintiff has not stated he was treated differently than others, indicated why he would be treated differently, or alleged facts demonstrating Defendants' subjective intent. The equal protection claim therefore fails.

Plaintiff also contends the failure to investigate violates the Due Process Clause. "A due process claim under the Fourteenth Amendment can only be maintained where there exists a constitutionally cognizable liberty or property interest with which the state has interfered." *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) (citations omitted). Defendants' failure to investigate an allegedly falsified warrant, standing alone, does not interfere with any liberty interest. The duty to investigate possible criminal acts involves a significant level of law

5

enforcement discretion and, therefore, individuals have no "'legitimate claim of entitlement' to a police investigation." *Harrington v. Cty. of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010) (*quoting Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005)). *See also Maxey v. Banks,* 26 Fed. App'x 805, 808 (10th Cir. 2001) ("Plaintiff does not have a federal due process right to a police investigation.").[2]

Finally, to the extent Plaintiff alleges he was subject to malicious prosecution or false arrest as a result of the allegedly falsified affidavit, Count 1 also fails. "To state a § 1983 claim for malicious prosecution, a plaintiff must show…the original action terminated in [his] favor." *Montoya v. Vigil*, 898 F.3d 1056, 1066 (10th Cir. 2018). It does not appear Plaintiff was acquitted or that his criminal proceeding "terminated for reasons indicative of innocence." *Id.* (quotations omitted). Any false arrest claim is similarly deficient, as there are no allegations that Defendants arrested Plaintiff without probable cause. *See Cottrell v. Kaysville City, Utah*, 994 F.2d 730, 733 (10th Cir. 1993) ("A plaintiff may recover damages under § 1983 for wrongful arrest if she shows she was arrested without probable cause."). For these reasons, the Court finds Count 1 fails to state a cognizable § 1983 claim.

**C. Count 2 Fails to State a Claim Based on the Failure to Provide Records.**

In Count 2, Plaintiff raises first amendment and equal protection violations arising from the denial of public records under the Oklahoma Open Records Act, OKLA. STAT. tit. 51, § 24A.1, *et seq.* It appears Defendants Sally Howe Smith, Don Newberry, and other unknown County Clerk employees refused to provide copies of the search warrant used in Plaintiff's criminal investigation.

---

[2] The Court cites this decision, and other unpublished decisions herein, as persuasive authority. *See* FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

The first amendment claim fails as a matter of law. It is well-settled that "there is no constitutional right, and specifically no first amendment right, of access to government records." *Lanphere & Urbaniak v. Colorado*, 21 F.3d 1508, 1511 (10th Cir. 1994). Accordingly, the Tenth Circuit has held that plaintiffs cannot maintain a § 1983 claim based on violations of the Oklahoma Open Records Act. *See Allen v. Lang,* 738 Fed. App'x 934, 939 (10th Cir. 2018).

The complaint also fails to state an equal protection claim against the County Clerk Defendants. There are no allegations that Smith, Newberry, or any County Clerk employees treated Plaintiff differently from other similarly-situated people, nor are there facts evidencing discriminatory intent. *See Carney v. Oklahoma Dep't of Pub. Safety*, 875 F.3d 1347, 1353 (10th Cir. 2017) (setting forth the pleading standard for equal protection claims); *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988) (an equal protection claim requires discriminatory intent). Consequently, the Court finds Count 2 fails to state a claim upon which relief can be granted.

## IV. Opportunity to Amend

The Tenth Circuit has counseled that pro se litigants should be given a reasonable opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The Court will therefore permit Plaintiff to file an amended complaint on or before December 28, 2018. Plaintiff is cautioned to state specifically how and when each Defendant allegedly violated his constitutional rights. "A successful § 1983 complaint must make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). If Plaintiff declines

to timely file an amended complaint or files an amended complaint that similarly fails to state a claim, the Court will dismiss the case without further notice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **granted**.

2. No later than **December 28, 2018**, Plaintiff shall submit an initial partial payment of **$19.24**, or show cause in writing for his failure to pay. Failure to comply with the payment directive will result in dismissal of the action without prejudice and without further notice.

3. Plaintiff may file an amended complaint no later than **December 28, 2018**, curing the deficiencies identified herein. If Plaintiff declines to timely file an amended complaint or files another deficient complaint, this action will be dismissed for failure to state a claim upon which relief can be granted.

4. The Clerk shall send Plaintiff a blank civil rights complaint (form PR-01) marked "Amended" and identified as **Case No. 18-CV-374 JED-JFJ**.

ORDERED this 26th day of November, 2018.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE