# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| SILAS WILSON, JR. | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | Case No. 18-CV-374 JED-JFJ |
| KEITH C. REID, et al, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's amended civil rights complaint (Doc. 18). Also before the Court is his motion to compel the Northfork Correctional Center to disburse his partial filing fee (Doc. 16). Plaintiff, a *pro se* inmate, filed the amended pleading after the Court determined his original complaint failed to state a cognizable claim. (Doc. 9). Having reviewed the amendment *sua sponte* under 28 U.S.C. § 1915, the Court will dismiss this action with prejudice.

**I. Motion to Compel**

As an initial matter, Plaintiff asks the Court to enforce its Order directing prison officials to disburse his partial filing fee of $19.24. (Doc. 10; Doc. 16 at 1-2). The Court fixed that amount in the Opinion and Order granting leave to proceed *in forma pauperis*. (Doc. 9). After Plaintiff filed the motion, prison officials submitted the $19.24 payment on his behalf. (Doc. 17). The motion will therefore be denied as moot.

**II. Screening/Dismissal Standards**

Under the Prison Litigation Reform Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer. *See* 28 U.S.C. § 1915A(a). The Court must identify any cognizable claim and dismiss any claim

which is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim, a complaint must present factual allegations that "raise a right to relief about the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558.

Because plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* However, the generous construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* The Court need not accept "mere conclusions characterizing pleaded facts," *see Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990), and it will not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### III. Amended Complaint Fails to State a Cognizable Claim

The amended complaint asserts four counts under the equal protection clause, the due process clause, and 42 U.S.C. § 1983. In Counts I through III, Plaintiff alleges the affidavit supporting his arrest warrant was falsified. (Doc. 18 at 6-14). Count IV focuses on his inability

to obtain public records. (*Id.* at 14-18). Like the original complaint, the amended complaint requests three types of relief: (a) a declaratory judgment abolishing unconstitutional practices; (b) a mandatory injunction requiring the production of documents; and (c) at least $240,000 in damages. (*Id.* at 20-26).

For the reasons below, the Court finds each count fails to state a cognizable claim.

### a. Counts I – III: Falsified Affidavit

In Count I, Plaintiff alleges Officer Keith Reid investigated his criminal case. (Doc. 18 at 7). Following his conviction, Plaintiff requested a copy of Officer Reid's employment documents to confirm he was actually a police officer. (*Id.*). Plaintiff received a copy of Officer Reid's handwritten background investigation questionnaire. (*Id.*). After comparing the handwriting on the questionnaire to the probable cause affidavit bearing Officer Reid's signature, Plaintiff concluded someone forged the affidavit in support of his arrest. (*Id.* at 8).

Count II focuses on the failure to investigate to alleged forgery. (Doc. 18 at 10-11). On February 6, 2017, Plaintiff sent a letter "requiring" Police Chief Chuck Jordan to investigate the matter. (*Id.* at 9). Chief Jordan declined. (*Id.* at 11). Thereafter, City Attorney Gerald Bender issued a cease and desist letter. (*Id.* at 34). The letter stated: "You are continuing a pattern of harassment of Officer Reid which, if continued, will be reported to [Department of Corrections], your Warden, and parole authorities." (*Id.*). Chief Jordan and Tulsa Mayor G.T. Bynam allegedly approved the letter. (*Id.* at 11). Plaintiff believes the Department's refusal to investigate suggests that a city or county employee forged Officer Reid's signature. (*Id.* at 10).

Count III appears to raise a legal argument. (Doc. 18 at 13-14). Plaintiff contends the forgery rendered his 2012 probable cause hearing invalid, meaning former Sheriff Stanley Glanz

illegally detained Plaintiff for 81 days prior to trial. (*Id.*). All three Counts raise equal protection and due process violations. (*Id.* at 6-14).

As the prior Opinion noted, an equal protection claim requires the plaintiff to show he was "treated differently from others who were similarly situated to [him]," and that the defendants acted with discriminatory intent. *Carney v. Oklahoma Dep't of Pub. Safety*, 875 F.3d 1347, 1353 (10th Cir. 2017) (quotations omitted); *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988). Plaintiff attempts to meet this standard by alleging he was "not being treated the same as any other citizen who has … reported being [a] victim of the crime of fraud by forgery." (Doc. 18 at 9). He further alleges the forger has a motive, and that all Defendants "worked in concert to oppress and intimidate Plaintiff." (*Id.* at 10, 18). These allegations simply parrot the legal standard without describing or identifying any "particular … persons who were treated differently from [the plaintiff]." *Brown v. Montoya*, 662 F.3d 1152, 1173 (10th Cir. 2011). Counts I through III therefore fail to state an equal protection claim.

Defendants' failure to investigate the probable cause affidavit is also not actionable under the due process clause. As previously noted, "Plaintiff does not have a federal due process right to a police investigation." *Maxey v. Banks,* 26 Fed. App'x 805, 808 (10th Cir. 2001);[1] *see also Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005) (Plaintiffs have no "legitimate claim of entitlement" to a police investigation). Further, even if Plaintiff knew who allegedly forged the warrant, the Tenth Circuit has cast doubt on the notion that "a forged arrest warrant functions as legal process that … starts a due process claim." *Mondragon v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008). Consequently, the Court finds Plaintiff has not stated a due process claim.

---

[1] The Court cites this decision, and other unpublished decisions herein, as persuasive authority. *See* FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

Construed liberally, Counts I through III may raise a Fourth Amendment claim for false imprisonment. (Doc. 18 at 5). Plaintiff alleges: (a) the handwriting on the probable cause affidavit does not match a prior sample by Officer Reid; (b) the affidavit was forged; and (c) the state therefore lacked probable cause for Plaintiff's arrest. (*Id.* at 6-14). This theory does not warrant recovery, for several reasons. First, the state docket reflects Plaintiff "was seized after the institution of legal process,"[2] which means he must "style[] his Fourth Amendment claim as one for malicious prosecution." *Myers v. Koopman*, 738 F.3d 1190, 1192 (10th Cir. 2013). As previously noted, any malicious prosecution claim fails because "the original action [did not] terminate[] in Plaintiff's favor." *Montoya v. Vigil*, 898 F.3d 1056, 1066 (10th Cir. 2018).

Second, false statements in a warrant do not automatically vitiate probable cause. *See Taylor v. Meacham*, 82 F.3d 1556, 1562 (10th Cir. 1996). The Court must set aside the false information and determine whether the circumstances otherwise demonstrate "a substantial probability that a crime has been committed." *Id.* at 1561. *See also Grubbs v. Bailes,* 445 F.3d 1275, 1278 (10th Cir. 2006) (same). Plaintiff has not described the circumstances surrounding his arrest, cited any exculpatory facts, or challenged the actual contents of the probable cause affidavit. Thus, his claims fail under the traditional false imprisonment standard.

Finally, to the extent Plaintiff hopes his action will impact his criminal case, such relief is barred under *Heck v. Humphry*, 512 U.S. 477, 487 (1994). *Heck* requires district courts to dismiss any § 1983 claim that, if resolved in plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. Plaintiff's argument here would require the Court to reexamine his arrest, detention, and - if Officer Reid testified at trial - his conviction. *See, e.g., Johnson v. Pottawotomie Tribal Police Department*, 411 Fed. App'x 195, 199 (10th Cir. 2011) (plaintiff's

---

[2] The state filed charges on May 9, 2012, and Plaintiff was arrested pursuant to a warrant on or about May 17, 2012. *See State v. Wilson,* CF-2012-1979.

argument that he was subject to an illegal arrest and search without probable cause "would necessarily imply the invalidity of his sentence"). The Court therefore finds that Counts I, II, and III fail to state claim upon which relief may be granted.

   b.  **Count IV: Failure to Provide Records**

In Count IV, Plaintiff alleges Sally Howe Smith, Don Newberry, and other unknown Tulsa County Clerk employees refused to provide public records. (Doc. 18 at 15-16). The records include: (a) a prosecution report; (b) an arrest and booking data sheet; (c) a probable cause statement; and (d) other documents pertaining to Plaintiff's criminal case, No. CF-2012-1979. (*Id.* at 15-16). Plaintiff also requested public records from former Oklahoma Secretary of State G. Chris Benge, but Benge did not respond. (*Id.* at 17). Count IV raises claims under the equal protection and due process clause. (*Id.* at 15).

"Section 1983 does not provide a remedy without colorable allegations of a federally protected right." *Newsome v. Baca*, 30 F.3d 142 (10th Cir. 1994). As noted in the prior Opinion, "there is no constitutional right … of access to government records." *Lanphere & Urbaniak v. Colorado*, 21 F.3d 1508, 1511 (10th Cir. 1994). To the extent Plaintiff relies on his right to be treated equally with respect to record requests, Count IV still fails. The amended complaint merely alleges Plaintiff "became aware that other persons in the same situation obtained by request the same type of public records." (Doc. 18 at 16). These conclusory statements, without more, are insufficient to demonstrate a constitutional violation. *See Brown v. Montoya*, 662 F.3d 1152, 1173 (10th Cir. 2011).

For the reasons above, the Court finds the amended complaint fails to state a claim on which relief may be granted. This action will therefore be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to compel (Doc. 16) is **denied** as moot.

2. Plaintiff's amended complaint (Doc. 18) is **dismissed** with prejudice.

3. A separate judgment will be entered disposing of this civil case.

ORDERED this 5th day of February, 2019.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE