UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SILAS WILSON, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-374 JED-JFJ |
| | ) | |
| KEITH C. REID, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's *Pro Se* Motion to Vacate Judgment (Doc. 27). Plaintiff seeks relief from the ruling dismissing his amended prisoner civil rights complaint. (Docs. 19, 20). Because Plaintiff filed the Motion more than 30 days after entry the Judgment, the Court must analyze the Motion under Fed. R. Civ. P. 60(b). *See Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). To obtain relief, the movant must show: (1) mistake; (2) newly discovered evidence; (3) fraud; or (4) that the judgment is void or has been satisfied. *See* Fed. R. Civ. P. 60(b)(1)-(5). Rule 60(b)(6) also contains a catchall clause for "any other reason that justifies relief." However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate … when it offends justice to deny such relief." *Zurich North America v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289, 1293 (10th Cir. 2005). A "district court has substantial discretion in connection with a Rule 60(b) motion." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). The burden is on the moving party to prove relief is warranted under Rule 60(b). *Id.*

In this case, Plaintiff argues the Court misconstrued his amended civil rights complaint. The amended complaint alleged Plaintiff was incarcerated pursuant to a forged affidavit and that state officials refused to investigate the fraud or provide records. The Court determined Plaintiff

failed to demonstrate a due process or equal protection violation. The instant Motion seeks relief based on numerous clarifications and corrections, alleging, in relevant part:

(1) The forged affidavit did not support an arrest warrant, and was instead proffered in connection with the detention hearing following Plaintiff's warrantless arrest;

(2) Plaintiff has over 30-years' experience with document and/or handwriting analysis, and he confirmed that the affidavit was forged;

(3) The police refused to investigate the fraud, and plaintiff was treated differently than other Oklahoma citizens who made the same accusations;

(4) Plaintiff did not demand or require the police chief to investigate the matter in his February, 2017 letter, as the Opinion suggests; the letter simply stated that the failure to respond within 30 days was an automatic admission that the signature on the affidavit was invalid;

(5) Oklahoma state officials failed to provide records, and plaintiff was treated differently than other Oklahoma citizens who made similar requests.

(Doc. 27 at 5-19).

These allegations primarily rehash or amplify Plaintiff's original arguments and do not warrant relief under Rule 60(b). *See Van Skiver v. United States,* 952 F.2d 1241, 1244 (10th Cir. 1991) ("[R]evisiting the issues already addressed is not the purpose of a motion to reconsider, and advancing new arguments or supporting facts which were otherwise available for presentation when the original … [matter] was briefed is likewise inappropriate."). The remaining allegations (*i.e.,* the context surrounding the affidavit, or the intent behind Plaintiff's demand letter) would not change the result or nudge Plaintiff's allegations from deficient to plausible. The Tenth Circuit independently evaluated Plaintiff's amended complaint, agreed it does not state a cognizable claim, and affirmed this Court's Judgment. (Doc. 29). Plaintiff filed a motion for re-hearing,

2

arguing that the Tenth Circuit also misconstrued his pleading, and that motion was denied. (Doc. 30). For all of these reasons, the Motion to Vacate Judgment (Doc. 27) will be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Motion to Vacate Judgment (Doc. 27) is **denied.**

ORDERED this 7th day of January, 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT